**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TUHTAKA NESHOBA WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1093-JD** |
| | ) | |
| **AMANDA CALENDAR et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Tuhtaka Neshoba Wilson, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights complaint against the "Chief Health Services Administrator" and two health care providers at James Crabtree Correctional Center (JCCC). Doc. 1, at 4-5.[1] He alleges Defendants violated his rights against cruel and unusual punishment by exhibiting indifference to his medical needs. *Id*. at 7-9. United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 5. The undersigned recommends the Court dismiss the complaint without prejudice for failure to state a claim.

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Apart from alterations to capitalization, quotations are verbatim unless indicated.

## I. Screening.

Federal law requires this Court to screen complaints filed by parties proceeding in forma pauperis and prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010) (discussing *Iqbal* standard).

This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers."

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the Court does not excuse a pro se litigant from complying with the minimal pleading demands "because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury." *Hall*, 935 F.2d at 1110. And the Court may not serve as Plaintiff's advocate by creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

**II. Plaintiff's claims**.

Plaintiff, a state prisoner housed at JCCC in Helena, Oklahoma,[2] sues Amanda Calendar, the "Chief Health Services Administrator" at the prison, in her official capacity. Doc. 1, at 4. He also sues two "Health Care Provider[s]" at the prison, Dr. Pitts and Dr. Kim, in their official and individual capacities. *Id.* at 4-5.

Plaintiff alleges that Defendants' "negligence/deliberate indifference . . . resulted in the complete loss of [his] right foot." *Id.* at 7. He explains he is a "diabetic patient suffering neuropathy." *Id.* at 8. He "sought footwear from [the] Medical provider for [his] condition [but] none was provided." *Id.* Because the prison-provided footwear was causing him "pain and injury," he asked if his family could provide him "comfortable footwear." *Id.* But "[m]edical ignored

[2] JCCC is a medium-security state institution. *See* https://oklahoma.gov/doc/facilities.html (last visited Dec. 9, 2025).

this [request] and did not help.” *Id.* He also “sought a wheelchair from [the] medical provider to keep [him] off [of his] feet due to the pain and damage being caused by DOC indigent footwear, [but] no wheelchair was provided.” *Id.* at 9. His toes were amputated after sores formed on them. *Id.* “Further damage occurred due to negligence by Dr. Pitts and Dr. Kim at JCCC and [he] . . . had [his] entire foot amputated.” *Id.* Plaintiff describes Dr. Pitts as “the main Health Care provider responsible,” and states that Dr. Kim “also showed deliberate indifference.” *Id.* at 7.

Plaintiff seeks monetary damages “since DOC can’t give [him] back [his] foot.” *Id.* at 8. He also seeks punitive damages against Defendants Pitts and Kim and states that “their negligence should also be addressed by a medical board.” *Id.*

## III. Plaintiff fails to state a claim.

Section 1983 is a “remedial vehicle for raising claims based on the violation of constitutional rights.” *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). It authorizes relief against those who violate a person’s civil rights while acting under color of state law. *West,* 487 U.S. at 48.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See, e.g.*, *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important in [a § 1983 action] that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.").

**A. Plaintiff sues immune Defendants.**

Plaintiff names Defendant Calendar in her official capacity as Chief Health Services Administrator and both doctors in their official capacities as "Health Care Provider[s]" at JCCC. Doc. 1, at 4-5, 7. But state "officials acting in their official capacities are [not] 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989).

"When a suit alleges a claim against a state official in his [or her] official capacity, the real party in interest in the case is the state . . . ." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (internal quotation marks omitted). And "[s]tates enjoy sovereign immunity from suit under the Eleventh Amendment."[3] *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th

[3] The Court may raise the issue of immunity sua sponte. *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017).

Cir. 2012); *see also Green v. Mansour*, 474 U.S. 64, 68 (1985) ("Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity."). Just as the Eleventh Amendment protects states from suit, an Oklahoma Department of Corrections employee sued in his or her official capacity also enjoys the Eleventh Amendment's protection of immunity. *Colby*, 849 F.3d at 1278 ("Damage claims against state officers in their official capacities trigger Eleventh Amendment immunity."); *see also Eastwood v. Dep't of Corr. of State of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988) ("We conclude that the DOC is an arm of the state and should be entitled to absolute immunity."); *Cleveland v. Martin*, 590 F. App'x 726, 730 (10th Cir. 2014) ("Because the defendants are employees of the Oklahoma Department of Corrections[,] . . . the Eleventh Amendment applies to the official-capacity claims for damages.").

While Congress did create a private right of action under § 1983, it did not abrogate the states' sovereign immunity from suit under the Eleventh Amendment. *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010); *see also Quern v. Jordan*, 440 U.S. 332 342-45 (1979). Nor has Oklahoma waived its Eleventh Amendment immunity by consenting to suit in federal court. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent

of the state to waive any rights under the Eleventh Amendment to the United States Constitution.").

In short, § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66. The Court should thus dismiss Plaintiff's claims against Defendants in their official capacities. *See* 28 U.S.C. § 1915A(b)(2) (authorizing the court to dismiss a claim that "seeks monetary relief from a defendant who is immune from such relief"); *Colby*, 849 F.3d at 1278.[4]

**B. Plaintiff has not adequately stated a deliberate indifference claim against Defendants Pitts and Kim in their individual capacities.**

"[I]t is particularly important in [a § 1983 action] that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins*, 519 F.3d at 1250. If a plaintiff pleads sufficient factual content the Court may "draw the

[4] No exceptions to this immunity apply because Plaintiff does not allege an ongoing violation of federal law for which he seeks prospective relief. *See, e.g.*, *Pruitt*, 669 F.3d at 1166 (noting the *Ex Parte Young*, 209 U.S. 123 (1980), exception to sovereign immunity and stating "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief"). Instead, he seeks only damages for a past wrong and a review of the doctors' negligent conduct by a medical board, which this Court has no jurisdiction to provide to him.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). But "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff alleges "negligence/deliberate indifference" to his serious medical needs. Doc. 1, at 7. The Eighth Amendment proscribes cruel and unusual punishment which includes the "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) ("A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment."). "But '[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.'" *Wells v. Krebs*, 432 F. App'x 724, 727 (10th Cir. 2011) (quoting *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999)). And a prisoner's mere disagreement with "'a diagnosis or a prescribed course of treatment does not state a constitutional violation.'" *Id.* (quoting *Perkins*, 165 F.3d at 809).

The test for deliberate indifference to serious medical needs "includes an objective component and a subjective component." *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018) (citing *Martinez v. Garden*, 430 F.3d 1302, 1304

(10th Cir. 2005)). "The objective component is met if the deprivation is 'sufficiently serious.'" *Sealock*, 218 F.3d at 1209 (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). "A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999)). "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

Plaintiff alleges his lack of medical care resulted in the amputation of his toes and eventually his foot. Doc. 1, at 9. This allegation of harm is sufficiently serious to meet the objective component. *See, e.g.*, *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (explaining "it is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner'" (quoting *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005)).

Plaintiff's allegations do not, however, meet the subjective component. Plaintiff states he requested shoes from the "medical provider" to replace his uncomfortable prison-issued footwear and eventually a wheelchair due to his "pain and injury." Doc. 1, at 8-9. But Plaintiff does not identify the medical

provider, and he does not state if he made the request directly to Defendant Pitts or Defendant Kim. He also does not state when he made his requests, who denied or ignored them, when they were denied or ignored, and what type of treatment, if any, Defendants were providing to him for his diabetes.

Plaintiff names two doctors who worked at JCCC. But he makes only collective allegations against them which do not allow the Court "draw the reasonable inference" that either Defendant had a sufficiently culpable state of mind or "is [otherwise] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While one or the other may *possibly* be liable for deliberate indifference, the complaint falls short of making a *plausible* claim for relief against the individual Defendants. *See id.* ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). So the Court should dismiss Plaintiff's deliberate indifference claim against the individual Defendants without prejudice for failure to state a claim.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 2, 2026,

in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of December, 2025.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE