IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TUHTAKA NESHOBA WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-01093-JD |
| ) | |
| AMANDA CALENDAR et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Suzanne Mitchell [Doc. No. 9], to which Plaintiff Tuhtaka Neshoba Wilson ("Plaintiff") timely objected [Doc. No. 11]. For the reasons outlined below, the Court accepts the R. & R.

Plaintiff, a prisoner appearing pro se, initiated this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [Doc. No. 1]. The Court referred the case to Judge Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 5].

Judge Mitchell screened the Complaint and determined that Plaintiff's Complaint fails to state a claim. [Doc. No. 9]. First, the R. & R. concludes that the Complaint fails to state a claim against Defendants in their official capacities. The Complaint names state officials in their official capacities, but such Defendants are immune from suit under the Eleventh Amendment. [*Id.* at 5–7]. Second, the R. & R. concludes that Plaintiff fails to state an Eighth Amendment deliberate indifference claim against Defendants Pitts or Kim

in their individual capacities. [*Id.* at 7–10]. The R. & R. advised Plaintiff of his right to object by January 2, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 10–11].

Plaintiff filed objections to the R. & R. on December 31, 2025. [Doc. No. 11]. In his objections, Plaintiff includes clarifications regarding which Defendant committed which actions that serve as a basis for his claims and requests liberal construction of his Complaint. [*Id.* ¶¶ 2–5]. Plaintiff also stipulates that he fails to state a claim against Defendant Calendar in her individual capacity, and thus the Court should dismiss her from the suit as she is immune from claims made against her in her official capacity. [*Id.* ¶ 1].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court will construe Plaintiff's objections liberally because he is proceeding pro se, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's objections do not point to specific portions of the R. & R. to which he objects. [*See* Doc. No. 11]. Rather, in his objections, Plaintiff clarifies certain aspects of his Complaint that were the basis of the R. & R.'s recommendation that the Court dismiss

Plaintiff's claims. [*See id.*]. While evaluating Plaintiff's Eighth Amendment deliberate indifference claim, the R. & R. concluded that Plaintiff's allegations do not state facts sufficient to meet the subjective portion of the inquiry. [Doc. No. 9 at 9–10]. Judge Mitchell explained that Plaintiff's Complaint identified a "medical provider" to whom he made a request regarding his medical needs but that Plaintiff did not identify that provider or sufficiently indicate whether he made such a request to Defendants Pitts or Kim. [*Id.*]. Nor did Plaintiff identify whether Defendant Pitts or Kim denied or ignored his request, when they denied or ignored his request, and what medical treatment he was receiving. [*Id.*]. The R. & R. concluded that Plaintiff's "collective allegations" against the two doctors were insufficient to state a plausible claim for deliberate indifference. [*Id.* at 10]. In his objections, Plaintiff clarifies that Defendant Pitts was the "medical provider" to whom he referred and that Defendant Kim was "the other medical staff." [Doc. No. 11 ¶¶ 2, 3]. He also states that he has documentation of the dates of his medical requests and the related denials. [*Id.* ¶ 4].

When screening a complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), courts employ the same standards as when they are evaluating motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A court's review is thus limited to "the well-pleaded allegations in the complaint." *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003). Accordingly, even affording Plaintiff's Complaint the liberal construction provided to pro se litigants, the Court cannot supply facts to round out his allegations. *See Hall*, 935 F.2d at 1110 ("[C]onclusory allegations without supporting

3

factual averments are insufficient to state a claim on which relief can be based."). And the Court cannot consider factual allegations provided in Plaintiff's objections. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (explaining that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived"). The Court, therefore, adopts the R. & R.'s recommendation that the Court dismiss Plaintiff's Complaint without prejudice.

  Plaintiff requests the opportunity to "remedy the deficiency" in his Complaint. [Doc. No. 11 at 2]. Because Plaintiff is proceeding pro se, the Court will allow Plaintiff an opportunity to amend his Complaint to clarify his factual allegations against Defendants Pitts and Kim as stated in his objections and to provide the supporting documentation he references therein. [*See id.* ¶¶ 1–5]. *See Hall*, 935 F.2d at 1110 ("[T]he plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint[.]") (internal citation omitted). The Court will give Plaintiff an opportunity to cure the deficiencies by filing an Amended Complaint by the deadline set forth in this Order. Because Plaintiff stipulates he has not stated a claim against Defendant Calendar, his Amended Complaint should omit Calendar as a defendant. [*See* Doc. No. 11 ¶ 1].

  For the reasons outlined above, the Court overrules Plaintiff's objections and ACCEPTS the R. & R. in its entirety and dismisses Plaintiff's Complaint. [Doc. No. 1]. Plaintiff is granted leave to file an Amended Complaint by **Monday, February 2, 2026**, as set forth in this Order. Failure to file an Amended Complaint by **Monday, February 2, 2026**, complying with this Order and the R. & R. and the authorities referenced therein

will result in the dismissal of this action without prejudice. The Court specifically warns Plaintiff that failure to comply with the rules and court orders will result in the dismissal of his case without prejudice. *See* Fed. R. Civ. P. 16(f); 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the "'inherent power' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

    IT IS SO ORDERED this 12th day of January 2026.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE